**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---------------------------------------------------------------- x

MATTHEW PARKER                                    :
                                                  :
                            Plaintiff,            :
                                                  :
            v.                                    :          3:25-CV-815 (SFR)
                                                  :
CONNECTICUT JUDICIAL BRANCH, ET AL.,              :
                                                  :
                            Defendants.           :

---------------------------------------------------------------- x

**MEMORANDUM & ORDER**

Plaintiff Matthew Parker brings this action, which stems from family court proceedings

in Connecticut state court, against Defendants Elizabeth Bozzuto, Holly Abery-Wetstone, Leo

Diana ("Judicial Defendants"), Daniel Kennedy, Kasey Gill Luce ("Lawyer Defendants"), and

Mary Bergamini. Defendants move to dismiss Parker's Third Amended Complaint. For the

reasons that follow, Defendants' Motions to Dismiss are granted and Parker's Third Amended

Complaint is dismissed with leave to amend.

## I.   BACKGROUND

### A.   Factual Background

Although earlier versions of Parker's Complaint included substantially more factual

allegations, I here evaluate only the Third Amended Complaint ("TAC"), which is the

operative complaint in this action.

Parker, a resident of Connecticut, was a party to family court proceedings in

Connecticut state court. TAC ¶¶ 6, 14, ECF No. 69. Parker alleges that as a "result of

Defendants' coordinated extrajudicial and administrative conduct," he was deprived of due

process and access to the courts. *Id.* ¶ 19.

1

Parker alleges that Bergamini served as a court-appointed guardian ad litem ("GAL"). *Id.* ¶ 15. Parker alleges that Bergamini suppressed and mischaracterized the children's expressed wishes, engaged in "coercive communications outside the courtroom," made "material misrepresentations to the court," and exceeded the "lawful scope of any GAL function." *Id.*

Parker alleges that Bozzuto is a "former state judicial administrator" who "exercised administrative authority under color of state law." *Id.* ¶ 7. He alleges that Bozzuto "engaged in non-record involvement and exercised supervisory authority in a manner that created conflicts of interest and undermined impartial judicial administration, contributing to biased processes and retaliatory conduct." *Id.* ¶ 16.

Parker alleges that Abery-Wetstone and Diana are judicial officers, *id.* ¶¶ 8, 10, and that they "engaged in non-judicial conduct including ex parte or non-record communications and procedural manipulation outside formal hearings," depriving Parker of due process under the Fourteenth Amendment, *id.* ¶ 17.

Parker alleges that Defendants Kennedy and Luce are private attorneys who took actions "under color of state law through coordination with state actors." *Id.* ¶¶ 11-12. He alleges that they "coordinated with state actors to suppress evidence, misrepresent procedural options, and obstruct Plaintiff's ability to obtain meaningful judicial review." *Id.* ¶ 18.

### B.    Procedural History

Parker filed the initial Complaint in this action on May 22, 2025. ECF No. 1. On June 5, 2025, I referred this case to Magistrate Judge Robert Richardson for an initial review of the Complaint and Parker's Motion for Leave to Proceed *in forma pauperis*. ECF No. 12. On July 10, 2025, Judge Richardson issued rulings recommending that I dismiss the Complaint and

deny Plaintiff's Motion for Leave to Proceed *in forma pauperis*. ECF Nos. 13-14. On July 17, 2025, Parker filed a Motion for Extension of Time to File an Amended Complaint, which I granted on July 21, 2025. ECF Nos. 15, 16. That same day, Parker filed an Amended Complaint. ECF No. 18. On July 25, 2025, I *sua sponte* extended the deadline for Parker to file an Amended Complaint, noting that he may have filed his Amended Complaint prematurely. ECF No. 21.

On August 24, 2025, Parker filed an Objection to the Recommended Ruling regarding his Motion to Proceed *in forma pauperis* and another amended complaint. ECF Nos. 23-24. On August 25, 2025, Parker filed an Objection to the Recommended Ruling recommending dismissal of his complaint and a motion for leave to file additional exhibits, ECF Nos. 25-26, which I subsequently granted, ECF No. 27. Parker then filed a 73-page Second Amended Complaint, attaching 770 pages of exhibits on September 12, 2025. ECF No. 28. On December 5, 2025, Parker paid the filing fee.

On December 12, 2025, I deemed the complaint filed on September 12, 2025 as the operative complaint but required Parker to remove approximately twenty-five pages of text that had been added without the court's permission. ECF No. 37. On December 16, 2025, Parker filed a motion to file another amended complaint including those extra pages, which I denied on December 19, 2025. ECF Nos. 41, 42.

On January 17, 2026, Parker moved to file another amended complaint, which I granted on January 20, 2026. ECF Nos. 66, 68. The Third Amended Complaint became the operative Complaint on January 20, 2026. ECF No. 69.

The Judicial Defendants, Lawyer Defendants, and Bergamini filed separate Motions to Dismiss on February 20, 2026. ECF Nos. 76, 79-80. Parker filed responsive memoranda on

March 13, 2026. ECF Nos. 84-86. Defendants filed reply briefs on March 22, March 27, and April 3, 2026. ECF Nos. 87-89. Parker filed a Motion to Amend the Complaint and a Proposed Fourth Amended Complaint on July 25, 2026. ECF No. 90.

## II.    LEGAL STANDARD

The standard governing motions to dismiss under Rule 12(b)(6) is well established. A complaint may not survive unless it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018); *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155-56 (D. Conn. 2016). Although this "plausibility" requirement is "not akin to a probability requirement," it "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is not bound to accept "conclusory allegations or legal conclusions masquerading as factual conclusions." *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) due to insufficient service of process "must be granted if the plaintiff fails to serve a copy of the summons and complaint on the defendants pursuant to Rule 4 of the Federal Rules [of Civil Procedure], which sets forth the federal requirements for service." *Rzayeva v. United States*, 492 F. Supp. 2d 60, 74 (D. Conn. 2007). "Once validity of service has been challenged, it becomes the plaintiff's burden to prove that service of process was adequate." *Cole v. Aetna Life & Cas.*, 70 F. Supp. 2d 106, 110 (D. Conn. 1999).

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002) (citation and internal quotation marks omitted). "It is well-settled that the 'plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence.'" *Matthias v. United States*, 475 F. Supp. 3d 125, 133 (E.D.N.Y. 2020) (quoting *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). Although the court "must accept as true all material factual allegations in the complaint," a court should not "draw inferences from the complaint favorable to [the plaintiff]." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings." *Student Members of Same v. Rumsfeld*, 321 F. Supp. 2d 388, 392 (D. Conn. 2004) (quoting *Luckett*, 290 F.3d at 496-97).

Additionally, I note that Parker is representing himself *pro se*. "*Pro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)).

## III.    **DISCUSSION**

The TAC contains two counts. I construe Count One, apparently brought against all Defendants, as a Fourteenth Amendment Due Process claim brought under 42 U.S.C. § 1983. TAC ¶¶ 20-23. Count Two alleges a 42 U.S.C. § 1985(3) civil rights conspiracy claim against all Defendants. TAC ¶¶ 24-26

### A.    Failure to Allege Sufficient Facts to State a Claim

The Judicial Defendants, Lawyer Defendants, and Bergamini all argue that the TAC contains only conclusory allegations and lacks factual material sufficient to state a claim. ECF No. 76-1, at 5; ECF No. 79-1, at 17-18; ECF No. 80-1, at 12-19. Parker responds that he has alleged sufficient facts, and in the alternative should be granted leave to amend. ECF No. 84, at 11; ECF No. 85, at 13, 17; ECF No. 86, at 2. In support of Parker's argument, he relies on previous versions of his complaint and exhibits outside of the TAC. ECF No. 84, at 4-7; ECF No. 85, at 3-7; ECF No. 86, at 3-8. I agree with Defendants.

A Rule 12(b)(6) motion to dismiss challenges the sufficiency of a pleading. Thus, in deciding a motion to dismiss a complaint, "the Court must limit its analysis to the four corners of the complaint." *Vassilatos v. Ceram Tech Int'l, Ltd.,* 92 Civ. 4574 (PKL), 1993 WL 177780 at *5 (S.D.N.Y. May 19, 1993) (citing *Kopec v. Coughlin,* 922 F.2d 152, 154-55 (2d Cir. 1991)). A court may consider documents outside the four corners of the complaint when they are attached to the complaint as an exhibit or incorporated in the complaint by reference. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007).

The TAC is effectively bare of any facts, and it explicitly "does not incorporate by reference exhibits or attachments filed with prior pleadings and relies solely on the allegations" contained within the TAC. TAC ¶ 2. The TAC alleges that Parker was involved in a family court case in which the various Defendants were apparently involved, but does not allege any details about that proceeding, including the date of the proceeding or any specific events that took place during the course of the proceeding. TAC ¶ 14.

The TAC alleges that Bozzuto "engaged in non-record involvement and exercised supervisory authority" but fails to explain how Bozzuto was involved or how that led to

Parker's injuries. *Id.* ¶ 16. The TAC alleges that Abery-Wetstone and Diana engaged in "ex parte or non-record communications and procedural manipulation outside formal hearings" but, again, does not provide any information to illustrate these claims or tie them concretely to his injuries. *Id.* ¶ 17.

The TAC asserts that "Kennedy and Luce coordinated with state actors to suppress evidence, misrepresent procedural options, and obstruct Plaintiff's ability to obtain meaningful judicial review," but provides no detail beyond these conclusory allegations. *Id.* ¶ 18. And as to Bergamini, the TAC asserts that she suppressed and mischaracterized the "children's expressed wishes," engaged in "coercive communications outside the courtroom," and made "material misrepresentations to the court." *Id.* ¶ 15.

The TAC's threadbare allegations lack any detail about what happened, when it happened, where it happened, or how it happened. The TAC fails to state a claim because it does not identify particular courses of conduct, attribute that conduct to specific individuals, or provide sufficient detail to "permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (quoting *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)). The TAC thus fails to state a plausible claim for relief. *Bell Atl. v. Twombley*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal quotation marks omitted); *Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks omitted).

7

In his memoranda opposing the motions to dismiss, Parker draws heavily on factual allegations from previous versions of the complaint and exhibits that were filed with those previous complaints. *See, e.g.*, ECF No. 85 at 3-4 ("The following facts are drawn from the TAC and from Plaintiff's Exhibits 60 and 50.1, filed on the CM/ECF docket and properly before this Court. Where Plaintiff references the Second Amended Complaint . . . , those references are provided solely as background context and to demonstrate that any perceived deficiency in the TAC is curable by amendment."). For example, Parker argues that the Second Amended Complaint contains allegations about a "non-record chambers meeting [convened by Diana and] attended by Kennedy, Bergamini, and opposing counsel." *Id.* at 6. Parker cites to the Second Amended Complaint to argue that "Bergamini met privately and off the record" with his son and then cites repeatedly to an exhibit not included or referenced in the TAC. ECF No. 86, at 5-6. Parker also argues that certain facts are alleged within the TAC, even when those facts do not actually appear in that document. For example, he alleges that paragraph 18 of the TAC contains allegations that "Kennedy cancelled Plaintiff's only trial witness on the eve of trial," failed to deliver a letter to the Judge, and participated in an off-the-record discussion with other actors—but none of these specific facts actually appear in that paragraph, or anywhere else in the TAC. ECF No. 84, at 4-5.

Parker's argument is consequently unpersuasive. Subject to some exceptions not relevant here, *see Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 258-59 (S.D.N.Y. 2008), I must evaluate a motion to dismiss on the basis of facts contained in the operative complaint. Parker "cannot amend [his] complaint by asserting new facts or theories for the first time in opposition to [a] motion to dismiss." *Peacock v. Suffolk Bus Corp.*, 100 F. Supp. 3d 225, 231 (E.D.N.Y. 2015) (alterations in original). I cannot consider material in previous versions of the

complaint or other exhibits on the docket, which are explicitly "not incorporate[d] by reference," TAC ¶ 2, in the TAC. The TAC, as the operative complaint, completely replaced these previous filings. *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977) ("It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect.").

A plaintiff is the master of his complaint, and Parker freely chose the current form of his pleadings. That said, I acknowledge that confusion may have resulted from the repeated amendment of the pleadings in this case, including the motions to amend that I granted. Moreover, Parker is representing himself *pro se* and as a result is due special solicitude.

I therefore grant Defendants' motions to dismiss, but with leave to amend in accordance with this order. If Parker wishes to file a Fourth Amended Complaint, he should seek to include factual allegations supporting his specific claims against each individual Defendant.[1]

Parker need not file voluminous exhibits—or indeed any exhibits—along with his amended complaint. The motion to dismiss stage "is not the time to decide the merits" but rather is intended to test "the legal sufficiency of the pleadings." *Jones v. Pfizer, Inc.*, No. 10 Civ. 3864 (AKH), 2011 WL 13257527, at *1 (S.D.N.Y. Apr. 5, 2011). Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Moreover, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Parker must set forth specific factual allegations showing his entitlement to relief— but he need not and should not support these factual allegations with hundreds of pages of

---

[1] Parker has filed a Motion to Amend the Complaint and a proposed Fourth Amended Complaint, ECF No. 90. Because that Fourth Amended Complaint was filed without the guidance of this order, I deny that motion to amend without prejudice.

exhibits at this stage. Instead, Parker's amended complaint should contain whatever factual allegations are necessary to show that he has stated a claim for relief.

### B.      Immunity, Abstention Doctrines, and Standing

In addition to arguing that Parker has pleaded insufficient facts, Defendants assert other grounds for dismissal including judicial immunity, *Rooker-Feldman*, *Younger*, and the Domestic Relations Abstention Doctrine, standing, and sovereign immunity. *See* ECF Nos. 79, 80.

### 1.      Judicial Immunity

The Judicial Defendants argue that they are entitled to absolute immunity because Parker's claims "appear to arise entirely from their judicial actions." ECF No. 79-1, at 5.

"Judges have absolute immunity from suit for judicial acts performed in their judicial capacities." *Melnitzky v. HSBC, Bank USA,* 06 Civ. 13526 (JGK), 2006 WL 3728598 at *1 (S.D.N.Y. Dec. 15, 2006) (citing *Mireles v. Waco,* 502 U.S. 9, 11 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)) (alterations omitted). Judicial immunity is not defeated "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray,* 386 U.S. 547, 554 (1967).

Parker's TAC is so barren of any factual allegations that I cannot reasonably determine whether the Judicial Defendants were acting in their judicial capacity or not, because I cannot determine what specific "acts" are at issue. Without more detail about the specific allegations against the Judicial Defendants, I cannot determine whether judicial immunity applies.

Defendants may renew judicial immunity arguments in response to the Fourth Amended Complaint.

### 2.    *Rooker-Feldman*

Similarly, I cannot at this stage evaluate whether *Rooker-Feldman* deprives this Court of subject matter jurisdiction. Defendants argue that this action is barred by the *Rooker-Feldman* doctrine. ECF No. 79-1, at 13-15; ECF No. 80-1, at 19-20.

The Supreme Court "has held that *Rooker-Feldman* 'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Hunter v. McMahon*, 75 F.4th 62, 67-68 (2d Cir. 2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). "For *Rooker-Feldman* purposes, we are looking for a *causal relationship* between the state-court judgment and the injury of which the party complains in federal court." *Id.* at 72 (internal quotation marks omitted); *see also id.* ("The notions of inextricably intertwined or independent claims are simply descriptive labels attached to claims that either do or do not meet the requirements outlined in *Exxon Mobil*, and therefore they do not have substantive content independent of the four *Exxon Mobil* requirements. Thus, if the requirements outlined in *Exxon Mobil* are met, then the claim asserted in federal court is inextricably intertwined with the claim raised in state court. There is no separate inquiry into whether a claim is inextricably intertwined.") (internal quotation marks and citations omitted).

It is not clear whether Parker's claims are barred under *Rooker-Feldman*. As noted, "*Rooker-Feldman* applies only when 'the plaintiff complains of injuries caused by a state court judgment.'" *Id.* at 71 (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423,

426 (2d Cir. 2014)). "*Rooker-Feldman* does not generally bar claims against third parties for 'alleged misconduct occurring in the course of a state court proceeding,' even if the misconduct calls the state court judgment into question." *Banyai v. Town of Pawlet*, No. 23-1234-cv, 2024 WL 1878742, at *2 (2d Cir. Apr. 30, 2024) (summary order) (quoting *Hansen v. Miller*, 52 F.4th 96, 100 (2d Cir. 2022)). Without additional factual allegations, I cannot determine whether the injuries complained of are caused by the state court judgment. Defendants may renew these arguments in response to the Fourth Amended Complaint.

### 3.    *Younger*

Additionally, I am unable to determine on the basis of the current record whether *Younger* abstention applies. Under *Younger v. Harris*, 401 U.S. 37 (1971), federal courts should abstain from exercising jurisdiction "only in three exceptional circumstances involving (1) ongoing state criminal prosecutions, (2) certain civil enforcement proceedings, and (3) civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Cavanaugh v. Geballe*, 28 F.4th 428, 432 (2d Cir. 2022) (internal quotation marks omitted). "A civil proceeding is pending", for the purpose of *Younger* abstention, "if further state appellate remedies are available at the time of filing the federal complaint." *Gristina v. Merchan,* 131 F.4th 82, 87 (2d Cir. 2025), *cert. denied*, 146 S. Ct. 248 (2025) (quoting *Hansel v. Town Ct. for Town of Springfield, N.Y.*, 56 F.3d 391, 393 (2d Cir. 1995)). Defendants argue that, although a judgment was entered in the state family court proceeding, if Parker's continued filing pleadings make state court action "pending," this federal case is barred by *Younger*. ECF No. 79-1, at 16-17; ECF No. 80-1, at 20-22.

Here, the TAC does not explicitly identify the family court proceeding in question, and I cannot accurately determine whether further appellate remedies were available at the time

the complaint was filed. Defendants may renew these arguments in response to the Fourth Amended Complaint.

### 4.    Domestic Relations Abstention Doctrine

As I am dismissing the TAC based on failure to state a claim, and without sufficient facts to make the necessary determinations, I decline to evaluate whether the Domestic Relations Abstention Doctrine applies. *See* ECF No. 79-1, at 15-16.

### 5.    Standing

I am also unable to evaluate on this record whether Parker has standing to pursue his claims. Bergamini argues that Parker is not entitled to equitable relief because he seeks only prospective declaratory and injunctive relief and has also failed to allege any likelihood of a future imminent injury, and that he is not entitled to damages because his injuries are too speculative to form the basis for compensatory damages. ECF No. 80-1, at 23-24.

Because the TAC lacks sufficient facts to evaluate these claims, I cannot determine whether Parker has standing. As I am already dismissing his claims with leave to amend, I decline to analyze standing at this juncture.

### 6.    Eleventh Amendment Sovereign Immunity

To the extent Parker seeks to bring a claim for damages against the Judicial Defendants in their official capacities, such claims are barred because all actions for damages against state officials in their official capacities are prohibited by Supreme Court precedent. *See Kentucky v. Graham*, 473 U.S. 159, 170 (1985) (barring actions for damages against state officials in their official capacity); *Sargent v. Emons*, 582 Fed. App'x. 51, 52 (2d Cir. 2014) ("[T]he Judicial Branch of the State of Connecticut, one of the defendants in this action, is a department of the state and thus shares in its sovereign immunity.").

### C.    Untimely Service on Bergamini

Bergamini argues that service on her was untimely, because she was served on February 19, 2026 and the deadline for service was February 4, 2026. ECF No. 80-1, at 25-26. Parker responds that the service deadline was tolled when he filed an amended complaint, and that any delays were the result of the U.S. Marshal Service, which attempted service first on February 13, 2026. ECF No. 86, at 15-16.

Rule 4(m) of the Federal Rules of Civil Procedure provides that

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). However, the rule provides district courts with the discretion to enlarge the period "'even if there is no good cause shown.'" *Henderson v. United States,* 517 U.S. 654, 662–63 (1996) (quoting Fed. R. Civ. P. 4(m) Adv. Comm. Notes); *see Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("[D]istrict courts have discretion to grant extensions [of the 4(m) service deadline] even in the absence of good cause."). The four factors to be considered in determining whether to grant a discretionary extension of the service deadline are: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006)

Parker is incorrect that the service deadline was tolled by the filing of his Third Amended Complaint. *See Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 607 (S.D.N.Y.

14

2012) ("The filing of an amended complaint . . . does not restart the [90] day period for service under Rule 4(m)."); 4 *Wright & Miller's Federal Practice & Procedure* § 1137 (4th ed. 2026) ("Filing an amended complaint does not toll the Rule 4(m) service period and thereby provide an additional 90 days for service ").

Neither Bergamini nor Parker address the discretionary extension factors. Although I cannot evaluate the applicable statute of limitations because the TAC provides no dates relating to its allegations, and although there was no attempt by Bergamini to conceal the defect in service, Bergamini clearly had actual notice of the claims asserted here and has fully briefed her opposition to the action. I can therefore discern no prejudice by granting a brief, 15-day, *nunc pro tunc* extension of the service deadline to account for the delay in service, especially given Parker is representing himself *pro se*. *See Hernandez v. Lira of New York Inc.*, No. 20-CV-4457 (RA), 2023 WL 2647639, at *3 (S.D.N.Y. Mar. 27, 2023) ("A court may . . . in its discretion, extend a service deadline *nunc pro tunc*.") (internal quotation marks omitted).

I therefore grant Parker a discretionary, *nunc pro tunc* extension of the service deadline to February 19, 2026, and deny Bergamini's motion to dismiss on those grounds.

### D.    Judicial Defendants' Motion to Strike

The Judicial Defendants also move to strike material from previous versions of the complaint and amended complaints which they allege is "false, scandalous, inflammatory, and completely irrelevant" and which unnecessarily "impugn Judge Bozzuto and her family." ECF No. 79-1, at 19.

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" and may

do so on its own or "on motion made by a party." Fed. R. Civ. P. 12(f)(1)-(2). "In deciding whether to [grant] a Rule 12(f) motion on the ground that the matter is impertinent and immaterial, it is settled that the motion will be denied, unless it can be shown that no evidence in support of the allegation would be admissible." *Lipsky v. Commonwealth United Corp.,* 551 F.2d 887, 893 (2d Cir. 1976); *Marsh & McLennan Agency, LLC v. Alliant Ins. Servs., Inc.*, No. 25-CV-1260 (JAV), 2025 WL 2916153, at *4 (S.D.N.Y. Oct. 14, 2025) (same). "Usually the questions of relevancy and admissibility in general require the context of an ongoing and unfolding trial in which to be properly decided." *McSweeney v. Cohen*, 776 F. Supp. 3d 200, 277 (S.D.N.Y. 2025) (quoting *Lipsky*, 511 F.2d at 893). And "'ordinarily' a district court should not 'decide to strike a portion of the complaint on the grounds that the material could not possibly be relevant on the sterile field of the pleadings alone.'" *Frio Energy Partners, LLC v. Fin. Tech. Leverage, LLC*, 680 F. Supp. 3d 322, 352-53 (S.D.N.Y. 2023) (quoting *Lipsky v.* 551 F.2d at 893). Once again, Parker's TAC is so devoid of factual information that I cannot properly evaluate what is or is not relevant to his claims. Moreover, the motion to strike seeks to strike material from earlier versions of the complaint that are no longer operative. I therefore deny the motion to strike. However, I urge Parker to avoid immaterial, impertinent, and scandalous allegations in future pleadings. If Parker files an amended complaint that contains such material, Defendants may renew their motion to strike.

## IV.    CONCLUSION

For the foregoing reasons, I grant Defendants' motions to dismiss. Parker's Third Amended Complaint is dismissed in its entirety with leave to amend in accordance with this Opinion. Parker's Motion to Amend/Correct Amended Complaint and Proposed Fourth

16

Amended Complaint, ECF No. 90, which was filed without the benefit of this order, is hereby denied without prejudice.

**SO ORDERED.**

New Haven, Connecticut
July 27, 2026

/s/*Sarah F. Russell*
SARAH F. RUSSELL
United States District Judge